*Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.

## S01Y0186. IN THE MATTER OF RONALD D. CARTER.
(539 SE2d 804)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Ronald D. Carter's Petition for Voluntary Discipline in which he seeks a one-year suspension from the practice of law for his admitted violations of Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or willful misrepresentation) and 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity) of Bar Rule 4-102 (d), both of which are punishable by disbarment. As a condition of reinstatement, Carter agrees to remain suspended from practice until such time as the Lawyer Assistance Program certifies to the Office of the General Counsel that he is fit to resume the practice of law and poses no threat of substantial harm to his clients or the public. Carter filed his petition pursuant to Bar Rule 4-227 (b) prior to the State Bar's issuance of a Formal Complaint. The State Bar recommends that this Court accept Carter's petition. We agree.

In his petition, Carter, who was admitted to practice law in Georgia in 1994, states that in 1995, he agreed to handle a personal injury case on behalf of a client. After settling the case in November 1996, Carter received the settlement funds in a fiduciary capacity; paid the client her portion of the settlement funds; and told the client that he would pay $1,200 on her behalf to Humana/Employers Health as reimbursement for medical bills. However, Carter failed to pay Humana/Employers Health in a timely fashion and converted the funds to his own use. Carter admits that by his conduct in this matter, he violated Standards 4 and 65 (A) of Bar Rule 4-102 (d).

Based on our review of the record, we agree with the State Bar that Carter's petition should be accepted. Although Carter was subject to prior discipline in the form of an Investigative Panel reprimand on February 21, 1997 in State Disciplinary Board Docket No. 3316, which would constitute an aggravating factor, we note in mitigation of discipline that Carter suffered from a chemical dependency during the time period in question; that he received inpatient treatment for that dependency and is continuing in an aftercare program; that he is deeply remorseful for the harm he has caused; and that he made complete restitution to Humana/Employers Health on behalf of

his client in July 2000.

Accordingly, Respondent Ronald D. Carter is suspended from the practice of law in Georgia for a period of one year from the date of this opinion with a condition that, prior to reinstatement, Carter shall obtain certification from the State Bar's Lawyer Assistance Program to the Office of the General Counsel stating that he is fit to resume the practice of law and poses no threat of substantial harm to his clients or the public. Carter is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension with condition on reinstatement. All the Justices concur.*

DECIDED NOVEMBER 30, 2000.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Frances C. Seville,* for Carter.